USDC SCAN INDEX SHEET










KAJ    10/7/05    15:16
3:05-CV-00921    USA V. HANSEN
*35*
*P/A.*

CAROL C. LAM
United States Attorney
ROBERT PLAXICO
Assistant U.S. Attorney
Cal. Bar No. 054953
Federal Office Building
880 Front St., Room 6293
San Diego, California 92101
Phone: (619) 557-7157
Fax: (619) 557-5551

MARTIN M. SHOEMAKER
Ga. Bar # 001340
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C. 20044
(202) 514-6491 phone
(202) 514-6770 fax
Attorney for the United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER M. HANSEN,<br><br>Defendant. | Case no. 05cv0921 L (NLS)<br><br>**MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO COMPEL APPEARANCE AT DEPOSITION**<br><br>Hearing: Nov. 3, 2005; 1:30 p.m.; Ct. rm. F<br>Mag. Judge Stormes |

The defendant, Christopher M. Hansen, is refusing to allow his deposition to be taken. As set forth below, Hansen's refusal is meritless and is merely meant to obstruct the United States' attempt at discovery in this case.[1]

On September 27, 2005, undersigned counsel contacted Hansen about taking his deposition. Government's counsel stated the deposition would be at the U.S. Attorney's Office in San Diego on October 20, but that the deposition could occur on one of several other dates at

---

[1] The United States recognizes that motions to compel appearances at depositions are normally filed after the deponent actually fails to appear. Due to the facts that government counsel will travel a great distance to take the deposition and Hansen's adamant statements that he will not appear to be deposed, we believe it appropriate to file the motion to compel at this time.

- 1 -

the defendant's convenience. Hansen replied that he would be available on November 3 but placed a number of conditions on the deposition and stated that if they were not agreed to, and if government's counsel did not sign a "Deposition Agreement" drafted by Hansen, then he would not appear and an order compelling his appearance would be necessary.[2] Undersigned counsel spoke with Hansen by telephone on October 3 in an attempt to resolve the issues. Hansen does not want his deposition taken.

Hansen insists on number of conditions regarding his deposition, including the following:

- The deponent and deposer shall alternate questions back and forth to each other, and if one person refuses to answer a question the other person can refuse also.
- The deposition may not be taken on federal property or in a building controlled by the federal government.
- Any "witnesses" he brings to his deposition will not have to identify themselves.
- Undersigned counsel must sign an affidavit verifying that the allegations in the Complaint are true.
- Hansen will not take an oath or otherwise affirm that the statements he makes in his deposition are true.
- The United States must provide "evidence constituting probable cause to pursue this proceeding" to Hansen at least five days prior to the deposition.
- No questions must be asked about the Sovereignty Education and Defense Ministry (SEDM) Membership Agreement.
- No questions must be asked about SEDM unless undersigned counsel becomes a SEDM member and agrees to comply with its terms and conditions.
- Hansen must be granted witness immunity prior to the deposition.

---

[2] A copy of the Deposition Agreement is attached hereto as Exhibit A.

-2-   05cv0921

- The United States shall comply with the "Copyright/Software/User License Agreement" appearing on the SEDM website, or not use any evidence from the website.
- The parties shall make certain stipulations regarding the evidentiary uses of the deposition.

Each of Hansen's conditions is unfounded and does not constitute a basis for refusing to appear at a deposition. The deposition will be conducted in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence. The rules state that deposition questioning (examination and cross-examination) may proceed as permitted at trial. Fed. R. Civ. P. 30(c). "Back and forth" questioning between the witness and the examining attorney is not normal procedure in any trial.[3] Also, the Federal Rules require that the deponent shall be put under oath prior to questioning. *Id.* There is leeway in what type of statement constitutes an oath, but Hansen is unreasonably stating that he will not aver/affirm/declare/guarantee/or otherwise acknowledge the veracity of his testimony. He is also stating that he will not allow his deposition unless the rules for any potential perjury trial be stipulated.[4]

Which may be why Hansen is insisting on being granted immunity prior to testifying. A grant of immunity is not a prerequisite for the taking of a deposition. If Hansen can show "'substantial hazards of self-incrimination' that are 'real and appreciable,' not merely 'imaginery and unsubstantial,'" he can can invoke his Fifth Amendment privilege against self-incrimination in response to specific questions at the deposition.[5] Hansen has the protections he needs at this time.

---

[3] Hansen has stated that he wants to depose undersigned counsel prior to allowing his own deposition to be taken. If Hansen formally proposes to take government counsel's deposition, it is expected that a motion for protective order or motion to quash will be filed.

[4] Exh. A, para. 7 (jury trial in state court, recusal of judges, etc.).

[5] *United States v. Rendahl*, 746 F.2d 553, 555 (9th Cir. 1984) (quoting *United States v. Neff*, 615 F.2d 1234, 1239 (9th cir. 1980).

Hansen has stated that he will refuse to answer questions related to SEDM. As alleged in the complaint, SEDM is a vehicle Hansen uses to promote his products. It is a relevant subject for questioning. Hansen's insistence that undersigned counsel become a member of SEDM prior to the deposition and that the odd "Copyright/Software/User License Agreement" be agreed to is a frivolous tactic meant solely to impede his deposition.

Furthermore, Hansen's requirement that the United States must provide to him "evidence constituting probable cause to pursue this proceeding" in order to take the deposition is unfounded, as is his requirement that undersigned counsel avow the truthfulness of the complaint. The complaint consists of allegations, which the United States intends to prove at trial. There is no requirement that a complaint be sworn to under penalty of perjury.[6]

Hansen is also making his appearance contingent on a pre-signed stipulation regarding the evidentiary uses of the deposition.[7] The parties are of course able to stipulate regarding discovery procedures under Fed. R. Civ. P. 29. There is no authority however for the position that a lack of stipulations is a ground for not participating in discovery. As stated above, the United States will conduct the depositions in accordance with federal law. The evidentiary uses of the deposition will be dictated by federal law–*e.g.*, Fed. R. Civ. P. 32 and Fed. R. Evid. 801(d)(2). Again, there is no basis for Hansen's appearance at his deposition being contingent on any stipulation.

Hansen also refuses to attend his deposition if it is on "federal property or in a building controlled by the federal government."[8] The reason given by Hansen for this condition is that he does not want the witnesses he plans on bringing to be forced to identify themselves or be subject to a search. The United States is concerned about the "witnesses" Hansen plans on inviting to the deposition. It is not expected that these witnesses will serve a constructive purpose. It is less

---

[6] By signing and filing the complaint, undersigned counsel does make the representations set forth in Fed. R. Civ. P. 11(b).

[7] Exh. A, para. 6.

[8] Exh. A, para. 3.2.

likely that the witnesses will be "nonconstructive" (disruptive) in a federal building. Also, the United States would expect all persons who attend the deposition to properly identify themselves. This may be easier to do if the deposition is held at a federal building (such as at the U.S. Attorney's Office) in that persons are required to provide photo identification to enter the building. The government therefore requests that any witnesses be directed to present proper identification to government counsel and the court reporter, and in order to foster a more civil climate for the deposition, the government requests that Hansen be directed to bring no more than one witness to the deposition and that the witness be ordered not to disrupt (or, for that matter, participate in) the deposition.

The United States is entitled to take Hansen's deposition. The deposition will not be taken in bad faith or in such manner as unreasonably to annoy, embarrass or oppress Hansen. Hansen should be compelled to sit for a deposition just like any other party in any other civil litigation. The United States requests that the Court issue an order directing Hansen to appear for his deposition on a date certain, and cooperate in an appropriate fashion in accordance with the Federal Rules.

Respectfully submitted,

Martin M. Shoemaker
Attorney for Plaintiff U.S.A.

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 4th day of October 2005: Christopher M. Hansen, 10654 82nd Avenue, Suite 600, Edmonton, Alberta, Canada T6E2A7.

Martin M. Shoemaker

# *DEPOSITION AGREEMENT*

## *1. INTRODUCTION*

Comes now _____(your name), the Deponent, and _____(deposer), the Deposer. Deposer has identified a legal requirement to deposition the Deponent on the matter and at the place and time indicated below:

| Matter | |
|---|---|
| Place | |
| Date/Time | |

Pursuant to Federal Rule of Civil Procedure Rule 29, the parties have agreed that it is their mutual interest to define the terms and conditions under which evidence is provided at the hearing, the use and distribution as evidence, the admission of any part or all of the evidence, and the parties to be deposed. The parties join together in forming this binding contract in pursuit of the best interests of justice and equity. They certify by their signature that they are authorized to make such an agreement and obligate any parties they may be exercising agency on behalf of. Such parties shall be so indicated in the signature block at the end.

## *2. RECIPROCITY, EQUAL PROTECTION, AND EQUAL DISCOVERY*

1. Both Deposer and Deponent shall be afforded the equal opportunity to ask an equal number of questions of each other during the Deposition.
2. Opportunity to ask questions shall alternate between Deponent and Deposer in that order.
3. An answer must be given to the question by the person asked before the next question may be asked.
4. If the person who is the subject of the question does not answer the question, then the person following him may also refuse to answer his question.
5. Parties shall split the cost of the court reporting and transcripts.

Deposer is forewarned that if he refuses to sign this agreement and attempts to request the Court to compel cooperation absent it, then he had better be prepared to demonstrate why he deserves UNEQUAL treatment and UNEQUAL discovery.

> *"The equal protection demanded by the fourteenth amendment forbids this. No language is more worthy of frequent and thoughtful consideration than these words of Mr. Justice Matthews, speaking for this court, in Yick Wo v. Hopkins, 118 U.S. 356, 369, 6 S. Sup. Ct. 1064, 1071: 'When we consider the nature and the theory of our institutions of government, the principles upon which they are supposed to rest, and review the history of their development, we are constrained to conclude that they do not mean to leave room for the play and action of purely personal and arbitrary power.' The first official action of this nation declared the foundation of government in these words: 'We hold these truths to be self-evident, [165 U.S. 150, 160] that all men are created equal, that they are endowed by their Creator with certain unalienable rights, that among these are life, liberty, and the pursuit of happiness.' While such declaration of principles may not have the force of organic law, or be made the basis of judicial decision as to the limits of right and duty, and while in all cases reference must be had to the organic law of the nation for such limits, yet the latter is but the body and the letter of which the former is the thought and the spirit, and it is always safe to read the letter of the constitution in the spirit of the Declaration of Independence. <u>No duty rests more imperatively upon the courts than the enforcement of those constitutional provisions intended to secure that equality of rights which is the foundation of free government.</u>"* [Gulf, C. & S. F. R. Co. v. Ellis, <u>165 U.S. 150</u> *(1897)*]

For the Deposer to hypocritically pursue unequal treatment, "privilege", and favor form the Court does nothing but create a government religion by giving public servants status that is superior to the sovereigns they exist to serve and protect. The result would be to make him a "superior being" and make the Deponent into an inferior being who must "worship" and be accountable to the Deposer but not vice versa. The public servant, the Deposer, cannot be greater than his sovereign Master, We The People, which includes the Deponent:

> *"No legislative act [or judge-made-law] contrary to the Constitution can be valid. <u>To deny this would be to affirm that the deputy (agent) [public servant] is greater than his principal; that the [public] servant is above</u>*



> *the [sovereign Citizen] master; that the representatives of the people are superior to the people; that men, acting by virtue of powers may do not only what their powers do not authorize, but what they forbid...[text omitted] It is not otherwise to be supposed that the Constitution could intend to enable the representatives of the people to substitute their will to that of their constituents."* [Alexander Hamilton, Federalist Paper # 78]

> "Government is established for the protection of the weak against the strong. This is the principal, if not the sole motive for the establishment of all legitimate government. It is only the weaker party that lose their liberties, when a government becomes oppressive. The stronger party, in all governments are free by virtue of their superior strength. They never oppress themselves. Legislation is the work of this stronger party; and if, in addition to the sole power of legislation, they have the sole power of determining what legislation shall be enforced, they have all power in their hands, and the weaker party are the subjects of an absolute government. Unless the weaker party have a veto, they have no power whatever in the government and...no liberties... The trial by jury is the only institution that gives the weaker party any veto upon the power of the stronger. Consequently it is the only institution that gives them any effective voice in the government, or any guaranty against oppression." [Lysander Spooner in his short essay entitled "Trial by Jury"]

> "*Religion*. Man's relation to Divinity, to reverence, worship, obedience, and submission to mandates and precepts of supernatural or superior beings. In its broadest sense includes all forms of belief in the existence of superior beings exercising power over human beings by volition, imposing rules of conduct, with future rewards and punishments. Bond uniting man to God, and a virtue whose purpose is to render God worship due him as source of all being and principle of all government of things. Nikulnikoff v. Archbishop, etc., of Russian Orthodox Greek Catholic Church, 142 Misc. 894, 255 N.Y.S. 653, 663." [Black's Law Dictionary, Sixth Edition, page 1292]

Deponent will NOT STAND for this kind of hypocrisy, prejudice, deification of government, and idolatry.

> "The "establishment of religion" clause of the First Amendment means at least this: *neither a state nor the Federal Government can set up a church*. Neither can pass laws which aid one [state-sponsored political] religion, aid all religions, or prefer one religion over another. Neither can force or influence a person to go to or to remain away from church against his will, or force him to profess a belief or disbelief in any religion. No person can be punished for entertaining or professing religious beliefs or disbeliefs, for church attendance or non-attendance. *No tax in any amount, large or small, can be levied to support any religious activities or institutions, whatever they may be called, or whatever form they may adopt to teach or practice religion. Neither a state nor the Federal Government can, openly or secretly, participate in the affairs of any religious organizations or groups and vice versa.*" [Everson v. Bd. of Ed., 330 U.S. 1, 15 (1947)]

See and rebut:

1. *Our government has Become Idolatry and a False Religion* available at:
   http://famguardian.org/Subjects/Taxes/Articles/Christian/GovReligion.htm
2. *Great IRS Hoax*, section 4.3.4, available at:
   http://famguardian.org/Publications/GreatIRSHoax/GreatIRSHoax.htm

### 3. ENVIRONMENT: PLACE, RECORDING, AND WITNESSES

1. An electronic projection panel that hooks up to a VGA display must be provided as part of the Deposition. This display will be used to put up evidence provided as part of a question or presented as part of the response to the question.
2. Deposition may not be taken on federal property or in a building controlled by the federal government. This requirement originates from:
   2.1. The need to allow witnesses from either side to protect their identity and not suffer the humiliating experience of having their luggage scanned, their ID's examined and recorded, or any such other form of intimidation.
   2.2. The fact that Deponent does not wish to at any time be subject to federal jurisdiction.
3. Deposition will be held in a neutral, third party location not owned or controlled by either party. If the location must be rented, then they agree to split the expense.
4. Either party may have witnesses present, but witnesses may not act as coaches, ask questions, or otherwise disrupt the proceedings. Any witnesses that do so shall be dismissed immediately.
5. Either party reserves the right to tape or video record the proceeding without prior notice or adverse consequence.

*Deposition Agreement*                                                                                                          *3 of 6*

## 4. SUBJECT MATTER OF QUESTIONS

1. Plaintiff shall sign an affidavit under penalty of perjury stating that the allegations made in the original Complaint are true and correct to the best of his knowledge and ability, and to admit such affidavit into evidence. This affidavit is part of this Deposition Agreement.
   1.1. Defendant claims the same protections as the Plaintiff. If Plaintiff refuses to take responsibility for his statements and accusations, then Defendant will emulate his conduct by not making any declaration or assurance about the accuracy of any of the answers provided in this deposition. This is a requirement of equal protection of the law.

   > *"Our government is the potent, the omnipresent teacher. For good or ill, it teaches the whole people by its example. Crime is contagious. If the government becomes a lawbreaker [or a hypocrite with double standards], it breeds contempt for the law; it invites every man to become a law unto himself; it invites anarchy. To declare that in the administration of the criminal law the end justifies the means...would bring terrible retribution. Against that pernicious doctrine this Court should resolutely set its face."*
   > *[Justice Brandeis, Olmstead v. United States, 277 U.S. 438, 485. (1928)]*

   1.2. Defendant will *not* respond to any questions about any matter in which the Plaintiff refuses to take personal responsibility for the accuracy thereof. To do otherwise would be to encourage emotional abuse, slander, and malicious abuse of legal process. This is NOT a witch hunt, but a protection of the interests of persons identified BEFORE THE COMPLAINT WAS FILED who have evidence proving that they suffered a personal injury based on the conduct of the Defendant. If that injury has not or will not be identified before proceeding, then due process is being violated, no probable cause is demonstrated, and the Defendant will not aid or abet such violation of due process.
2. Questions from either side may address any issue directly relevant to the allegations contained in the original Complaint or in a Cross-Complaint already filed or planned to be filed by the Defendant.
3. Evidence constituting probable cause to pursue this proceeding must be provided by the Plaintiff to the Defendant no later than 5 days prior to the deposition via overnight mail. If no such evidence is available or is non-existent, Plaintiff shall so state in this agreement at the end.
4. Pursuant to the Sovereignty Education and Defense Ministry (SEDM) Member Agreement to which the Deponent is a party, no questions may be asked about any aspect of that entity or the participation by the Deponent as a Member of that entity. To do otherwise would constitute breach of contract. See:
   http://www.sedm.org/MemberAgreement/MemberAgreement.htm

## 5. IMMUNITY AND INDEMNITY OF PARTIES

1. Deposer grants to Deponent witness immunity under 18 U.S.C. §6002 for the following criminal or civil litigation that might make use of any evidence gathered or derived from this proceeding:
   1.1. Present, or future criminal investigations or prosecutions initiated by the United States against either the Defendant or any organizations he may be a member of or affiliated with.
   1.2. Present or future civil proceedings other than the one at issue.
   1.3. Present or future grand jury proceedings relating to any of the evidence or activities disclosed.
2. Deposer agrees to comply with the Copyright/Software/User License Agreement appearing at the address below in the event he uses any of the materials off the Family Guardian Website in this or any future proceeding. This agreement requires a waiver of sovereign and official immunity in this proceeding by the Deposer and anyone else listed on the pleading as the Plaintiff:
   http://famguardian.org/disclaimer.htm
3. Deposer agrees to comply with the Copyright/Software/User License Agreement appearing at the address below in the event he uses any of the materials off the SEDM Website in this or any future proceeding. This agreement requires a waiver of sovereign and official immunity in this proceeding by the Deposer and anyone else listed on the pleading as the Plaintiff:
   http://www.sedm.org/MemberAgreement/MemberAgreement.htm
4. Deponent as a natural person exercising no agency, employment, or representative capacity at the hearing, reserves the right to assert immunities guaranteed by the Bill of Rights.
5. Deposer, who claims to be representing a corporate fiction called the "United States" (see 28 U.S.C. §3002(15)(A)), may not assert any privilege resulting from the Bill of Rights.

   > *"Upon the other hand, the corporation is a creature of the state. It is presumed to be incorporated for the benefit of the public. It receives certain special privileges and franchises, and holds them subject to the laws of the state and the limitations of its charter. Its powers are limited by law. It can make no contract not authorized by its charter. Its rights to [201 U.S. 43, 75] act as a corporation are only preserved to it so long as it obeys the laws of*

> *its creation. There is a reserved right in the legislature to investigate its contracts and find out whether it has exceeded its powers. It would be a strange anomaly to hold that a state, having chartered a corporation to make use of certain franchises, could not, in the exercise of its sovereignty, inquire how these franchises had been employed, and whether they had been abused, and demand the production of the corporate books and papers for that purpose. The defense amounts to this: That an officer of a corporation which is charged with a criminal violation of the statute, may plead the criminality of such corporation as a refusal to produce its books. To state this proposition is to answer it. <u>While an individual may lawfully refuse to answer incriminating questions unless protected by an immunity statute, it does not follow that a corporation, vested with special privileges and franchises, may refuse to show its hand when charged with an abuse of such privileges.</u>" [Hale v. Henkel, 201 U.S. 43, 1906]*

## 6. STIPULATION TO ADMIT INTO EVIDENCE

1. Prior to the commencement of questioning, both parties shall sign this agreement, which shall constitute a stipulation binding them to admit the following into evidence in relation to this Deposition:
    1.1. The text of the questions asked.
    1.2. The evidence presented as part of the question.
    1.3. The transcript of the answer to the question.
    1.4. The evidence referenced and/or provided by the person answering the question.
    1.5. Any exhibits attached to the original Complaint or the Answer.
2. The stipulation will also specify that:
    2.1. No part of the proceeding or transcript or accompanying evidence may be excluded from admitted evidence at trial.
    2.2. The court record may not and shall not be sealed as it pertains to any such evidence. If judge overrides the wishes of the parties on this subject, then parties stipulate that publishment of any part of the court transcript, the deposition transcript, or the final judgment may be published by either party on the Internet for all to view, read, and download without violating privacy or any court order.
3. If Deposer attempts to ask questions about SEDM, then he will be required to sign the Member Agreement, just as Deponent has, and agree to be completely subject to its terms and conditions as a private individual, and not as an agent of the United States government. Otherwise, the Deponent is contractually prevented from discussing anything related to SEDM. Deposer agrees to be personally liable for any injuries caused to Deponent caused by the operation of the Member Agreement, if Deponent is compelled by him to violate the Member Agreement.
4. Authorities establishing the validity of the above stipulations include the following:
    4.1. A stipulation that is a substitute for proof is binding on the parties if it falls within the attorney's authority. *Sioux Tribe of Indians v. United States* (Fed.Cir. 1988) 862 F2d 275, 280; *In re Coho Resources, Inc.* (5th Cir. 2003) 345 F3d 338, 341 fn. 2.
    4.2. Factual stipulations fairly agreed to are favored because they tend to expedite trial and eliminate the necessity of tedious proof. *TI Fed'l Credit Union v. DelBonis* (1st Cir. 1995) 72 F3d 921, 928; *Park v. Transamerica Ins. Co.* (D HI 1996) 917 F.Supp. 731, 735.
    4.3. Unless manifest injustice would result, a stipulation "is controlling on the parties and the court is bound to enforce it." *Richardson v. Director, Office of Workers' Comp. Programs* (4th Cir 1996) 94 F3d 164, 167; *Quest Med., Inc. v. Apprill* (5th Cir. 1996) 90 F3d 1080, 1087.
    4.4. A stipulation in a pending action conclusively establishes the matter as true. Once a stipulation has been admitted into evidence, the trier of fact must regard the matter as proved. *Wheeler v. John Deere Co.* (10th Cir. 1991) 935 F2d 1090, 1097)

## 7. OATHS, FORUM UNDER WHICH PERJURY MAY BE PROSECUTED

As an Ambassador of a foreign state called Heaven, a foreign sovereign under the Foreign Sovereign Immunities Act of 1976, Pub. L. 94-583, 90 Stat. 2891, 28 U.S.C. Sec. 1330, 1332(a), 1391(f) and 1601-1611., and a beneficiary of Diplomatic immunity under 4 U.S.C. §112, Deponent has a religious objection to taking oaths or of manifesting allegiance to the government of a foreign government or foreign court called the "United States" or any of its officers, employees, or agents. Therefore, any affidavits or declarations shall be made by the Deponent in accordance with the following.

> *Deponent declares from without the United States, under 28 U.S.C. §1746(1), under the civil laws of Heaven and the Bible, which is his only consensual place of domicile, and under the criminal laws of the foreign Republic of California and not the United States, that the foregoing facts are true and correct to the best of his belief and ability. He declares his allegiance exclusively to God, those who believe in God, and the criminal laws of the foreign Republic of California but not of the United States. All rights reserved without prejudice other than those surrendered explicitly by this agreement, UCC 1-308.*

*Deposition Agreement*                                                                                                                                                                               *5 of 6*

Any proceedings relating to prosecution for perjury shall be conducted in accordance with the following stipulation:

1. Jury trial in a state, not federal court.
2. No jurist or judge may be a "U.S. citizen" under 8 U.S.C. §1401, or a "taxpayer" under 26 U.S.C. §7701(a)(14).
3. The common law of the state and no federal law or act of Congress or the Internal Revenue Code are the rules of decision, as required by the pamphlet "Reasonable Belief About Tax Liability":
http://sedm.org/Forms/MemLaw/ReasonableBelief.pdf
4. No jurist or judge may be in receipt of any federal financial or other benefit or employment nor maintain a domicile on federal property.
5. Any judge who receives retirement or employment benefits derived from Subtitle A of the I.R.C. recuse himself in judging the law and defer to the jury instead, as required under 18 U.S.C. §208, 28 U.S.C. §144, and 28 U.S.C. §455.

## 8. JURAT

The signators indicated below, by their signature, declare that they have authority to sign this agreement and make this commitment on behalf of either themself, in the case of a natural person, or on behalf of the party which they claim to be exercising agency on behalf of. In the event that the Plaintiff did not have the authority to sign this agreement on behalf of the government, then he agrees to substitute himself as Defendant and private party, and to dismiss the Alleged Defendant from the suit.

Deponent declares that he is exercising no agency or employment of any kind in relation to any third party in the context of this deposition, and can only answer questions in relation to his personal situation. If Deposer wishes to address any implications of any other alleged agency, then he will be required to present any or all evidence of the existence of such agency prior to asking any questions about its existence or operation.

Deponent declares from without the United States, under 28 U.S.C. §1746(1), under the civil laws of Heaven and the Bible, which is his only consensual place of domicile, and under the criminal laws of the foreign Republic of California and not the United States, that the foregoing facts are true and correct to the best of his belief and ability. He declares his allegiance exclusively to God, those who believe in God, and the criminal laws of the foreign Republic of California but not of the United States. All rights reserved without prejudice other than those surrendered explicitly by this agreement, UCC 1-308.

> *"Much has been said of the paramount duty to the state, a duty to be recognized, it is urged, even though it conflicts with convictions of duty to God. Undoubtedly that duty to the state exists within the domain of power, for government may enforce obedience to laws regardless of scruples. When one's belief collides with the power of the state, the latter is supreme within its sphere and submission or punishment follows [but ONLY under civil law where domicile of Defendant is within its general jurisdiction under FRCP Rule 17(b), or for criminal laws only, if otherwise]. But, in the forum of conscience, duty to a moral power higher than the state has always been maintained. The reservation of that supreme obligation, as a matter of principle, would unquestionably be made by many of our conscientious and law-abiding citizens. The essence of religion is belief in a relation to God involving duties superior to those [283 U.S. 605, 634] arising from any human relation. As was stated by Mr. Justice Field, in Davis v. Beason, 133 U.S. 333, 342, 10 S. Ct. 299, 300: 'The term 'religion' has reference to one's views of his relations to his Creator, and to the obligations they impose of reverence for his being and character, and of obedience to his will.' One cannot speak of religious liberty, with proper appreciation of its essential and historic significance, without assuming the existence of a belief in supreme allegiance to the will of God. Professor Macintosh, when pressed by the inquiries put to him, stated what is axiomatic in religious doctrine. And, putting aside dogmas with their particular conceptions of deity, freedom of conscience itself implies respect for an innate conviction of paramount duty. The battle for religious liberty has been fought and won with respect to religious beliefs and practices, which are not in conflict with good order, upon the very ground of the supremacy of conscience within its proper field. What that field is, under our system of government, presents in part a question of constitutional law, and also, in part, one of legislative policy in avoiding unnecessary clashes with the dictates of conscience. There is abundant room for enforcing the requisite authority of law as it is enacted and requires obedience, and for maintaining the conception of the supremacy of law as essential to orderly government, without demanding that either citizens or applicants for citizenship shall assume by oath an obligation to regard allegiance to God as subordinate to allegiance to civil power. The attempt to exact such a promise, and thus to bind one's conscience by the taking of oaths or the submission to tests, has been the cause of many deplorable conflicts. The Congress has sought to avoid such conflicts in this country by respecting our happy tradition. In no sphere of legislation has the intention to prevent such clashes been more conspicuous than in relation to the bearing of arms. It would require strong evidence [283 U.S. 605, 635] that the Congress intended a reversal of its policy in prescribing the general terms of the naturalization oath. I find no such evidence."*
> *[U.S. v. Macintosh, 283 U.S. 605 (1931)]*

The Deposer declares from within the United States, under 28 U.S.C. §1746(2), under the laws of the United States, that the foregoing facts and statements and agreements made by him are true in every respect.

*Deposition Agreement*                                                                                                    *6 of 6*

Signed this _____ day of _____, _____ at _____(city), _____(state).

| | |
|---|---|
| _____ <br> Signature of Deposer | _____ <br> Date |
| _____ <br> Printed Name | |
| _____ <br> Capacity in which acting (if any) | |
| _____ <br> Signature of Deponent | _____ <br> Date |
| _____ <br> Printed Name | |
| _____ <br> Capacity in which acting (if any) | |