UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil No. 05cv0921-L(CAB) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING IN PART AND** |
| | ) | **DENYING IN PART DEFENDANT'S** |
| v. | ) | **MOTION TO AMEND JUDGMENT** |
| | ) | **AND FOR MORE DEFINITE** |
| CHRISTOPHER M. HANSEN, | ) | **STATEMENT** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

This action was brought by the United States against Defendant Christopher Hansen to enjoin him from promoting various unlawful tax evasion schemes. Following extensive briefing, on June 1, 2006, the court denied Defendant's Petition to Chief Justice for Leave of Court to File Cross Complaint and his Petition to Dismiss, and granted Plaintiff's Motion for Summary Judgment, including Plaintiff's request for a permanent injunction ("Order"). Currently before the court is Defendant's Petition to Amend Judgment and for More Definite Statement Pursuant to F. R. Civ. P. 12(e), 59(e), which the court construes as a motion ("Motion"). Defendant seeks

/ / / / /

/ / / / /

/ / / / /

/ / / / /

1   an amendment of the Order and related Judgment.  Plaintiff filed an opposition, and Defendant

2   filed a reply.[1]  For the reasons which follow, Defendant's Motion is **GRANTED IN PART**

3   **AND DENIED IN PART**.

4       To the extent Defendant's Motion is based on Rule 12(e), it is denied because Rule 12(e),

5   which governs motions for a more definite statement, is applicable to "a pleading to which a

6   responsive pleading is permitted."  Accordingly, it does not apply to judgments and orders of the

7   court, which Defendant apparently concedes.  (*See* Reply at 22.)  However, Defendant's

8   arguments raised in support of his motion for a more definite statement can be addressed in the

9   context of his motion to amend judgment pursuant to Rule 59(e).

10      "Although Rule 59(e) permits a district court to reconsider and amend a previous order,

11  the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and

12  conservation of judicial resources."  *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890

13  (9th Cir. 2000) (internal quotation marks omitted).  A Rule 59(e) motion "should not be granted

14  absent highly unusual circumstances, unless the district court is presented with newly discovered

15  evidence, committed clear error, or if there is an intervening change in the controlling law."  *389*

16  *Orange Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).  It is within the discretion of the

17  district courts to grant or deny the motion.  *See United States v. Desert Gold Mining Co.*, 433

18  F.2d 713, 715 (9th Cir. 1970).

19      Defendant uses the Motion almost exclusively as a vehicle to reargue points which have

20  already been raised and considered by the court.  The basic premise of Defendant's defense was

21  that he "is domiciled in 'heaven' without the 'State of' California on land that is not ceded to the

22  federal government" and that he is a "'transient foreigner' with respect to every earthly

23  jurisdiction."  (Mem. of Law at 62 (emphasis in original).)  Based thereon, he argues, as he has

24  maintained throughout this case, that the law applicable to him is only "the law from the Alleged

25  Defendant's domicile, which is Heaven and no place or governmental 'state' on earth."  (*Id.* at

---

[1]  Defendant's 14-page Petition accompanied by a 67-page Memorandum of Law, which were included in his moving papers, and his 25-page reply by far exceed the page limitations set forth in the Civil Local Rule 7.1(h).

1    63; *see also id*. at 21 ("the ONLY law the court may cite in a civil case is law from the declared

2    domicile of the Alleged Defendant, which is Heaven and the Holy Bible") (emphasis in

3    original).)  Accordingly, he claims that this court has no jurisdiction over him, and that the

4    Internal Revenue Code, on which this action is based, does not apply to him.  These patently

5    frivolous arguments were addressed in the June 1, 2006 Order.  It is a proper exercise of

6    discretion to deny a Rule 59(e) motion which presents no new arguments.  *Backlund v. Barnhart*,

7    778 F.2d 1386, 1388 (9th Cir. 1985).  The Court declines to address the arguments which have

8    already been raised.

9          Only two arguments presented in the Motion had not previously been raised, and are

10   therefore addressed herein.  Defendant takes issue with the court's striking of his affidavit filed

11   in opposition to summary judgment (*see* Order at 9-10), and claims it was not a sham affidavit.

12   In addition, he contends the injunctive provisions of the Order are impermissively vague.

13   Neither argument has merit.  Nevertheless, Defendant's Motion is granted to the extent the court

14   shall amend the Order to more clearly state the reasons for striking Defendant's affidavit in

15   opposition to the summary judgment motion and to make express the implied finding that

16   Defendant's affidavit was a sham.

17         Defendant initially refused to attend his deposition unless Plaintiff agreed to a number of

18   conditions, including signing a six-page "Deposition Agreement," which provided that

19   Plaintiff's counsel and Defendant would alternate questions, the deposition would not take place

20   on federal property, any witnesses Defendant brought with him to the Deposition would not be

21   required to identify themselves and would not be required to "suffer the humiliating experience

22   of having their luggage scanned," that Plaintiff would be required to provide evidence

23   "constituting probable cause" to pursue the case at least five days before the deposition, and that

24   Defendant be granted witness immunity prior to the deposition.  (Order Granting Mot. to

25   Compel, filed 10/28/05 ("Mot. to Compel Order"), at 2-3 (citations omitted).)  Plaintiff declined

26   to sign the agreement, and moved to compel Defendant's deposition.  In his opposition,

27   Defendant suggested he intended to assert the Fifth Amendment privilege against self-

28   incrimination.  (*Id*. at 4.)  The Magistrate Judge granted the motion to compel, informed

1  Defendant of the proper way to assert privileges, and instructed him regarding consequences for

2  failure to follow proper deposition procedure.  (*Id.* at 5.)  Defendant was ordered to submit to a

3  deposition without the conditions he sought to impose no later than November 30, 2006, and was

4  admonished that failure to do so "will be grounds for sanctions, including but not limited to

5  **monetary sanctions, exclusion of evidence, or entry of default judgment**."[2]  (*Id.* at 6-7

6  (emphasis added).)

7          On November 30, 2006, Defendant appeared for his deposition.  He brought with him a

8  document entitled "Prepared Statements for Use During Deposition," which stated that he would

9  not orally respond to any questions, and that "[a]ll answers will be in writing and [that he would]

10  prepare the Deposition Transcript [him]self."  (Mem. in Supp. of United States' Mot. for

11  Sanctions for Discovery Violations, filed 12/8/05, Ex. B.)  In addition, he brought a "Deposition

12  Handout," which restated his refusal to orally answer questions, and imposed various conditions

13  on the deposition.  (*Id.* Ex. C.)  For example, it stated the conditions Plaintiff had to satisfy

14  before Defendant would answer the request to state his name:

15          I need your help in establishing whether any contracts or agency exists between us
            and whether you are willing to remove the unlawful duress I am under at the
16          moment. . . . [T]he applicable Copyright/Software/User License Agreement . . .
            says that you agree to substitute yourself as the defendant in this proceeding if you
17          quote or use anything written or stated by anyone in the ministry or posted on the
            website in question.[3]  It also says that if you substitute yourself in this way as
18          defendant in this proceeding, that I become your fiduciary and agent . . ..
            Therefore, I must establish BEFORE answering your question, the nature of any
19          evidence you have used and will use in the future.  If you either quoted anything
            from the website(s) in your Complaint or plan on doing so in the future, than I am
20          appearing today as your fiduciary and not as myself and you are the Substitute
            Defendant.  If you did not quote anything from the Alleged Defendant and are
21          willing to sign an agreement that you won't quote anything in the future off the
            website in question or that he ever said, then I am appearing as myself instead.
22

23  (*Id.* Ex. C at 9-10 (footnote added, emphasis in original).)  After a call to the Magistrate Judge

24  Defendant agreed to participate orally; however, he "essentially refused to answer any questions

25

26          [2]          Defendant did not object to this order.  *See* Fed. R. Civ. P. 72(a).

27          [3]          The website in question is www.famguardian.org, on which Defendant's tax
28  evasion materials were posted, and which Defendant contended was a website for a religious
    organization.

1   asked by Plaintiff" based on relevancy and on a "private contract right" that allegedly prohibited

2   him from answering questions and necessitated asserting the Fifth Amendment privilege.[4]

3   (Order Granting Pl's Mot. for Sanctions for Discovery Violations, filed 1/24/06 ("Sanctions

4   Order"), at 2, 3.)  His answers generally were along this line:  "I didn't refuse to answer. . . . I

5   gave you an answer.  I said I can't talk about it by contract."[5]  (Dep. of Christopher Hansen,

6   11/30/05 ("Hansen Dep."), at 61 (attached as Ex. A to Mem. in Supp. of United States' Mot. for

7   Sanctions for Discovery Violations, filed 12/8/05).)

8          After the November 30 deposition, Plaintiff moved for sanctions.  Defendant opposed the

9   motion claiming he cooperated because, to the extent he did not answer questions at the

10  deposition, he answered them later in what he refers to as "the Amplified Deposition

11  Transcript," which was over 800 pages in length.  (Mem. of Law at 22, 23.)  Defendant

12  contended that "the answers properly asserted constitutional privileges and addressed all

13  concerns of the Plaintiff then known."  (*Id*. at 23.)

14         In granting Plaintiff's motion for sanctions, the Magistrate Judge noted Defendant had

15  been previously instructed that relevancy was not grounds to refuse to answer, and that only a

16  reasonable claim of privilege justifies not answering a question at a deposition.  (*See id*.; Mot. to

17  Compel Order 7.)  Defendant was again admonished that "refusal to answer on the basis of the

18  Fifth Amendment in civil cases, if obstructive or prejudicial to the opposing party, may also lead

19  to adverse consequences for Defendant."  (Sanctions Order at 2.)  The Magistrate Judge found

20

21         [4]     Some of the topics as to which Defendant was questioned and refused to answer
22  were:  (1) where he resides; (2) his involvement with www.famguardian.org or www.sedm.org,
    websites for two entities, Family Guardian and its affiliate Sovereignty Education & Defense
23  Ministry, which promote and distribute tax-evasion materials; (3) authorship of the materials
    available on the websites; (4) the purpose and activity on these websites, including whether the
24  materials are offered for sale and whether any services are offered; (5) his involvement with
    Family Guardian and Sovereignty Education & Defense Ministry; (6) ownership of these
25  organizations and their membership; and (7) whether the IRS had contacted him about the
    Sovereignty Education & Defense Ministry website.  (*See* Hansen Dep.)

26         [5]     After extensive and unproductive questioning, Plaintiff noted that Defendant was
27  "generally selective when choosing to honor that contract and when to answer questions.
    What's . . . your criteria?  What's subject to the contract and what isn't?"  (Hansen  Dep. at 114.)
28   Defendant's response:  "Anything that's unfavorable."  (*Id*.; *see also id.* at 50, 125, 172, 224-
    25.)

1  that Defendant failed to comply with the Motion to Compel Order, and that his refusal to answer

2  questions was obstructive and prejudicial to Plaintiff.  Based thereon she awarded monetary

3  sanctions and ordered that Defendant's deposition reconvene no later than February 17, 2006.[6]

4  (*Id*. at 3-4.)  Defendant was admonished that "**[f]urther refusal to answer questions will result**

5  **in Defendant being prohibited from introducing evidence on the subjects that he refuses to**

6  **answer and may result in a default judgment being entered against him**."  (*Id*. at 4.)

7       Defendant did not attend any further deposition "because he had explicitly told the

8  Plaintiff he would instead answer all his questions under Fed. Rul. Civ. Proc. 31 as a Deposition

9  Upon Written Questions."  (Mem. of Law at 22.)  He justified this as necessary to ensure "that

10  his answers were complete, thorough and did not suborn perjury by excluding evidence the

11  Plaintiff refused to allow him to provide during an oral deposition."  (*Id*.)

12       On February 10, 2006, Plaintiff filed a motion for summary judgment.  In opposition,

13  Defendant filed a 57-page Affidavit of Material Facts in Support of Opposition to Motion for

14  Summary Judgment (attached to Mem. of Law in Supp. of Opp'n to Mot. for Summ. J., filed

15  3/6/06.)  In its reply, Plaintiff argued the affidavit should be disregarded because at his

16  deposition Defendant refused to answer questions regarding the same issues, and the Sanctions

17  Order had admonished him that his refusal to answer questions would result in evidence

18  preclusion as to those facts.  (United States' Reply to Def's Opp'n to Mot. for Summ. J., filed

19  3/20/06, at 2; *see also* Sanctions Order at 4.)  The court agreed with Plaintiff, and declined to

20  consider the affidavit.  (Order at 9-10.)

21       The court may strike and disregard tactical corrections or "rewrites" of a deposition

22  transcript "tailored to manufacture an issue of material fact . . . to avoid a summary judgment

23  ruling."  *Hambleton Bros. Lumber Co. v. Balkin Enter., Inc.*, 397 F.3d 1217, 1225 (9th Cir.

24  2005).  This is because "[a] deposition is not a take home examination."  *Id*. (quoting *Garcia v.*

25  *Pueblo Country Club*, 299 F.3d 1233, 1242 n. 5 (10th Cir. 2002)).  Since "this type of 'sham'

26  / / / / /

27

28

_____

[6]        Again, Defendant did not object to this order.  *See* Fed. R. Civ. P. 72(a).

1    correction is akin to a 'sham' affidavit," the court can strike it for purposes of opposing a

2    summary judgment motion. *Id*. at 1225-26.

3         What Defendant did in this case is for all practical purposes the same.  After he violated

4    two court orders regarding his participation in deposition and admonishing him he risked

5    preclusion of evidence, he attempted to replace his deposition testimony, which consisted almost

6    entirely of objections, with an affidavit containing substantive answers about material issues.

7    Accordingly, the court rejects Defendant's argument that his affidavit should have been

8    considered because it did not contradict his deposition testimony and was therefore not a sham

9    affidavit.

10         The above analysis was stated in the Order, albeit in a summary fashion and implying that

11    Defendant's affidavit was a sham.  (*See* Order at 9-10.)  Although Defendant's argument that his

12    affidavit should have been considered is without merit, the court credits his suggestion that the

13    Order does not clearly explain why, and does not make the sham affidavit finding expressly.

14    Accordingly, Defendant's Motion is granted only to the extent necessary to incorporate the

15    above analysis and expressly make the finding which is now implied.  *See Clipper Express v.*

16    *Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1250 (9th Cir. 1982) (A Rule 59(e)

17    motion "enable[s] the trial judge to reconsider the validity of his judgment, and to vacate or alter

18    it as he [sees] fit.").

19         Last, Defendant maintains that the injunctive provisions of the Order are so vague and

20    ambiguous that they cannot be implemented.  (Reply at 5.)  The Order provides in pertinent part

21    as follows:

22    **IT IS HEREBY ORDERED** that Defendant, individually, and doing business as
      or through any other entity, and other persons in active concert or participation
23    with him, are permanently enjoined from directly or indirectly:

24    (1)  Organizing, promoting, advertising, marketing, or selling (or assisting therein)
      any tax shelter, plan or arrangement that advises or encourages customers to
25    attempt to violate the internal revenue laws or unlawfully evade the assessment or
      collection of their federal tax liabilities;
26
27    (2)  Making false or fraudulent statements about the securing of any tax benefit by
      the reason of participating in any plan or arrangement, including the false
      statements that only federal workers are subject to the Internal Revenue Code,
28

7

1    workers need not submit accurate W-4 forms, and that United States citizens are
     not liable for federal income taxes.
2

3    (3)  Encouraging, instructing, advising, and assisting others to violate the tax laws,
     including the evasion of assessment and payment of taxes;

4    (4)  Engaging in conduct subject to penalty under 26 U.S.C. § 6700, *i.e.*, making or
     furnishing, in connection with the organization or sale of a shelter, plan, or
5    arrangement, a statement the Defendant knows or has reason to know to be false or
     fraudulent as to any material matter under the federal tax laws;
6

7    (5)  Engaging in conduct subject to penalty under 26 U.S.C. § 6701, *i.e.*, preparing
     or assisting others in the preparation of any tax forms or other documents to be
8    used in connection with any material matter arising under the internal revenue laws
     and which the Defendant knows (or has reason to believe) will (if so used) result in
     the understatement of tax liability; and
9

10   (6)  Engaging in any conduct that interferes with the administration and
     enforcement of the internal revenue laws, including encouraging and assisting
     customers in disrupting or delaying IRS examination of their tax liabilities.
11

12   [¶] . . . a permanent injunction is entered against the Defendant under IRC §§
     6700, 6701, 7408, and 7402 as stated above . . .. **IT IS FURTHER ORDERED**
13   under 26 U.S.C. § 7402 that:

14   a.  Within 21 days of the date this Order is stamped "Filed," Defendant shall
     produce to the United States all records in his possession, custody, or control or to
15   which he has access that identify the names, addresses, e-mail addresses, phone
     numbers, and social security numbers (or employer identification numbers) of
16   persons or entities who purchased any of Defendant's products.

17   b.  Within 21 days of the date this Order is stamped "Filed," Defendant must place
     this Order, in its entirety, on his websites www.famguardian.org and
18   www.sedm.org.

19   c.  Within 21 days of the date this Order is stamped "Filed," Defendant shall
     provide a copy of this Order to his current and former customers for which he has
20   contact information.

21   (Order at 18-20 (emphases in original).)

22        As relevant to Defendant's Motion, Federal Rule of Civil Procedure 65(d) requires

23   injunctive orders "shall be specific in terms; [and] shall describe in reasonable detail, and not by

24   reference to the complaint or any other document, the act or acts sought to be restrained."  "This

25   rule 'was designed to prevent uncertainty and confusion on the part of those faced with

26   injunctive orders, and to avoid the possible founding of a contempt citation on a decree too

27   vague to be understood.'"  *Fed. Election Comm'n v. Furgatch*, 896 F.2d 1256, 1263 (9th Cir.

28   1989) (quoting *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974)).  The injunctive provisions of the

Order are sufficiently specific in terms and provide adequate detail for Defendant to comply. Accordingly, his Motion with respect to the vagueness of the Order is denied.

For the foregoing reasons, Defendant's Motion is **GRANTED** to the extent necessary to expand the original analysis regarding Defendant's affidavit in opposition to Plaintiff's summary judgment motion.  In all other respects, Defendant's Motion is **DENIED**.  The court will issue an amended order and an amended judgment consistent with this order.

**IT IS SO ORDERED**.

DATED:  December 13, 2006

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

05cv0921