1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                          SOUTHERN DISTRICT OF CALIFORNIA
10
11  UNITED STATES OF AMERICA,           )    Civil No. 05cv0921-L(CAB)
                                         )
12              Plaintiff,               )    **ORDER DENYING WITHOUT**
                                         )    **PREJUDICE PLAINTIFF'S**
13  v.                                   )    **MOTION FOR CIVIL CONTEMPT**
                                         )
14                                       )
    CHRISTOPHER M. HANSEN,               )
15                                       )
                Defendant.               )
16                                       )
                                         )
17  _____    )

18       The motion for civil contempt filed by Plaintiff United States of America was heard on

19  April 27, 2007 on the 10:00 a.m. calendar of this court.  Martin M. Shoemaker, Esq. of the

20  United States Department of Justice appeared on behalf of the United States.  Defendant

21  Christopher M. Hansen appeared on his own behalf.  For the reasons stated below, Plaintiff's

22  motion for civil contempt is **DENIED WITHOUT PREJUDICE**.

23       This action for injunctive relief was brought by the United States against Defendant for

24  violations of 26 U.S.C. §§ 6700 and 6701.  The government alleged Defendant promoted a

25  variety of tax-fraud schemes, including the sale of materials such as a "Tax Defense Audit

26  Manual" and "Tax Freedom Solutions Manual," which were designed to help customers to stop

27  IRS examinations.  In promoting his schemes, Defendant represented, among other things, that

28  the Internal Revenue Code applies only within the "federal zone," is confined to the District of

05cv0921

1   Columbia and the federal territories and possessions, federal tax laws apply only to federal

2   officers, federal employees, and federal elected officials, income does not include wages,

3   salaries, commissions or tips, and that only federal employees or federal officeholders need to

4   complete Form W-4.  In addition, Defendant aided and assisted in preparing false or fraudulent

5   income tax returns for customers, or told them not to file a return at all.

6        The court granted the government's summary judgment motion and issued a permanent

7   injunction.  (*See* <u>Amended</u> Order Re: Motions; Order Entering Permanent Injunction, filed

8   12/13/06 (the "Order").)  Among other things, the injunction prohibits Defendant and those

9   acting in concert with him from promoting arrangements that advise or encourage customers to

10  attempt to violate federal tax laws or unlawfully evade the assessment or collection of tax

11  liabilities; making false or fraudulent statements about securing any tax benefit by participating

12  in any such plan or arrangement; encouraging or advising others to violate tax laws; or

13  interfering with the administration or enforcement of federal tax laws.  In addition, the injunction

14  ordered Defendant no later than January 3, 2007 to produce to the government a list of persons

15  who purchased any of his products, post the Order on his websites, and provide a copy of the

16  Order to his current and former customers.

17       On March 6, 2007, the government filed a motion for civil contempt, claiming Defendant

18  failed to comply with the injunction.  On January 2, 2007, Defendant sent the government a

19  Certificate of Unlawfully Compelled Compliance #2 for Judgment, Docket # 105 ("Certificate"),

20  over 200 pages in length.  The Certificate did not include a copy of the customer list.  Instead, it

21  included a statement of Defendant's reasons why the Order was wrong, and a list of conditions

22  the court and the government had to comply with before Defendant would comply with the

23  injunction.  Accordingly, the government moved to hold Defendant in civil contempt by

24  imposing a $1,000 per day fine for ten days, and thereafter $5,000 per day until compliance.

25  The government also requested Defendant be arrested if he failed to comply with the injunction

26  when the fines reached $50,000, and that incarceration continue until the contempt is purged by

27  compliance.

28  / / / / /

1    Defendant opposed the government's motion[1] by filing, among other things, an affidavit

2 and a memorandum, both under penalty of perjury,[2] which include evidence and arguments why

3 Defendant should not be held in civil contempt.  Among other things, Defendant challenged the

4 court's personal jurisdiction and subject matter jurisdiction.  He has raised and re-raised these

5 issues repeatedly during the course of this case, and the court has decided them.  (*See* Order

6 Denying Defendant's Motion to Dismiss, filed 7/26/05; Order: (1) Denying Defendant's Motion

7 to Dismiss; and (2) Denying Defendant's Request for Judicial Notice, filed 2/9/06; Order Re:

8 Motions; Order Entering Permanent Injunction, filed 6/1/06; and Order Granting in Part and

9 Denying in Part Defendant's Motion to Amend Judgment and for More Definite Statement, filed

10 12/13/06.)  The court will entertain no further argument on these issues.

11    In addition, much of Defendant's opposition is consumed with arguments against the

12 validity of the injunction.  Validity of an injunction is not reviewable in a contempt proceeding.

13 "[P]ersons subject to an injunctive order issued by a court with jurisdiction are expected to obey

14 that decree until it is modified or reversed, even if they have proper grounds to object to the

15 order."  *GTE Sylvania, Inc. v. Consumers Union of U.S., Inc.*, 445 U.S. 375, 386 (1980).

16 Accordingly, the court will not entertain arguments challenging validity of the injunction.

17    On the other hand, substantial compliance, inability to comply, and ambiguity of the

18 injunction are defenses to civil contempt.  *See, e.g., In re Dual-Deck Video Casette Recorder*

19 *Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (substantial compliance); *FTC v. Affordable*

---

20

21    [1]    Defendant's Memorandum in Support of Opposition to Motion for Civil Contempt,
106 pages in length, grossly exceeds the page limitation set forth in the Civil Local Rule 7.1(h).
22 Defendant was previously admonished regarding overlength filings.  *See* Order Granting in Part
and Denying in Part Defendant's Motion to Amend Judgment and for More Definite Statement,
23 filed 12/13/06, at 2 n.1.  Although Defendant is proceeding *pro se*, he is bound by the Civil
Local Rules of this court and by the Federal Rules of Civil Procedure.  Defendant is again
24 admonished to comply with the court's Civil Local Rules, including the rules pertaining to the
pleading format and length, as provided in Civil Local Rules 5.1 and 7.1(h).  Without prior leave
25 of court, Defendant shall not file any further non-compliant pleadings.  Any such pleadings will
be rejected or stricken, and Defendant may be subject to sanctions.

26    [2]    Under certain circumstances, *pro se* pleadings signed under penalty of perjury may
be construed as affidavits, even when they are not so captioned.  *See, e.g.*, *Schroeder v.*
27 *McDonald*, 55 F.3d 454, 460 (9th Cir. 1995) (verified complaint may be used as an opposing
affidavit under Rule 56 if based on personal knowledge and setting forth specific facts
28 admissible in evidence).

1   *Media, LLC*, 179 F.3d 1228, 1239-41 (9th Cir. 1999) (inability to comply); *Chicago Truck*

2   *Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 506 (8th Cir. 2000) (inability to comply);

3   *U.S. v. Young*, 107 F.3d 903, 907-08 (D.C. Cir. 1997) (ambiguity).  Some of Defendant's

4   arguments and statements under oath are directed toward these issues, and could provide a

5   factual basis for one or more of the defenses.

6   However, the government did not file any reply to these arguments, and did not attempt to

7   controvert Defendant's affidavit in any respect.  The party alleging civil contempt must show by

8   clear and convincing evidence that the alleged contemnor violated a specific and definite court

9   order.  *Dual-Deck Video*, 10 F.3d at 695; *Affordable Media*, 179 F.3d at 1239.  Since

10  Defendant's evidence pertaining to potentially viable defenses is uncontroverted, the court

11  cannot find the government has carried its burden.

12  Furthermore, if civil contempt is established and sanctions are imposed, the record must

13  support both the type and severity of the sanctions imposed relative to either the coercive or

14  compensatory nature of the award.  *Gen. Signal Corp. v. Donallco, Inc.,* 787 F2d 1376, 1380

15  (9th Cir. 1986); *see also O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F2d 1204, 1211

16  (10th Cir. 1992).  While Defendant provided a declaration that he is unemployed and argued

17  why the requested sanctions should not be awarded, the government did not respond and did not

18  attempt to controvert Defendant's declaration.

19  For the foregoing reasons, the government's motion for civil contempt is **DENIED**

20  **WITHOUT PREJUDICE** to filing an application for order to show cause why Defendant

21  should not be held in contempt.  Any such application shall be accompanied by pertinent

22  evidence, including evidence addressing Defendant's opposition papers filed April 9, 2007,

23  insofar as they pertain to any defenses which may properly be raised to civil contempt.  In

24  addition, the application shall provide an evidentiary basis for the type and severity of sanctions

25  / / / / /

26  / / / / /

27  / / / / /

28  / / / / /

05cv0921

1   requested.   If the court concludes that the application presents sufficient grounds, it will issue an

2   order to show cause providing Defendant with an opportunity to respond.

3        **IT IS SO ORDERED**.

4

5   DATED:  April 30, 2007

6                                                   _____

7                                                   M. James Lorenz
                                                    United States District Court Judge

8   COPY TO:

9   HON. CATHY ANN BENCIVENGO
    UNITED STATES MAGISTRATE JUDGE

10  ALL PARTIES/COUNSEL

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

05cv0921